UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| DAMITREE MCCOMB, | : Case No. 3:24-cv-123 |
| Petitioner, | : District Judge Walter H. Rice |
| vs. | : Magistrate Judge Kimberly A. Jolson |
| WARDEN, MARION CORRECTIONAL INSTITUTION, | : |
| Respondent. | : |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, a state prisoner at London Correctional Institution, has filed a *pro se* Petition and supporting memorandum (Docs. 1, 6) for a writ of habeas corpus under 28 U.S.C. § 2254. The Petition (Docs. 1, 6); Respondent's Answer/Return of Writ (Docs. 11, 12); and Petitioner's Traverse (Doc. 13) are before the Court. For the following reasons, the Petition should be **DENIED**.

I. PROCEDURAL HISTORY

Petitioner filed this action on April 23, 2024, while incarcerated at Marion Correctional Center. (Doc. 1). Proceeding *pro se*, he raises a single ground of ineffective assistance of appellate counsel and seeks relief from his 2021 convictions for two counts of felonious assault, fourteen counts of violating a protection order, and one count of intimidation of a victim. (*See id.* at PageID 1; Doc. 6, at PageID 37). The Undersigned briefly summarizes the procedural history of this case and Plaintiff's state court proceedings.

### A. State Convictions and Sentence

At the end of 2020, a Montgomery County, Ohio, grand jury returned an indictment charging Petitioner with two counts of felonious assault with a deadly weapon. (Doc. 11, Ex. 1). On February 19, 2021, a different Montgomery County grand jury returned a reindictment charging Petitioner with fourteen counts of violating a protection order and one count of intimidation of a victim. (Doc. 11, Ex. 3). Petitioner, through counsel, pleaded not guilty to all counts. (Doc. 11, Ex. 2; Doc. 11-1 (Transcript I), at PageID 280).

A jury found Petitioner guilty of all charges in the indictment and reindictment. (Doc. 11, Ex. 6). On March 22, 2021, Petitioner was ordered to serve in the ODRC "a mandatory minimum of five (5) years to a maximum indefinite sentence of seven and a half (7.5) years" on each of the two convictions for felonious assault with a deadly weapon. (Doc. 11, Ex. 7; *see also* Doc. 11-2 (Transcript II, Sentencing), at PageID 726–27). Petitioner was ordered to serve 12 months on each of the convictions for violating a protection order and intimidation of a victim. (*Id*.). The trial court ordered Petitioner to serve the sentences on the convictions for felonious assault with a deadly weapon "concurrently with each other but prior and consecutively to" the sentences on the convictions for violating a protection order and intimidation of a victim. (Doc. 11, Ex. 7; *see also* Doc. 11-2 (Transcript II, Sentencing), at PageID 726–27). The trial court ordered the sentences on the convictions for violation of a protection order and intimidation of a victim to be served "concurrently" with each other but "consecutively" to the sentences on the convictions of felonious assault with a deadly weapon. (Doc. 11, Ex. 7). The trial court went on to state, "All of the above for a total aggregate sentence of a minimum of seven (7) years to a maximum of nine and a half (9.5) years." (*Id*.).

On March 30 and April 12, 2021, respectively, the trial court issued *nunc pro tunc* entries

in Plaintiff's case. A copy of the April 12 entry is not included in the state-court record filed in this Court, though it is available in the docket record of Petitioner's underlying Montgomery County state-court case. *See State of Ohio v. McComb*, Criminal Case No. 2020 CR 3663, *available at* https://pro.mcohio.org/, under Petitioner's name and case number (hereinafter "2020 CR 3663 Docket"); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 477 F.2d 75, 82-83 (6th Cir. 1969)) (saying courts may take judicial notice of other courts' dockets).

The *nunc pro tunc* entries clarify that Petitioner was found guilty after a jury trial (Doc. 11, Ex. 8) and that his charges were contained in two separate indictments. (Doc. 11, Ex. 8); *see also* 2020 CR 3663 Docket. The trial court left his sentence undisturbed in both entries. (*Id.*).

**B.** **Direct Appeal**

Petitioner filed a direct appeal on April 1, 2021, which was dismissed on procedural grounds on May 4, 2021. (Doc. 11, Exs. 9–11). In the meantime, on May 3, 2021, Petitioner filed a *pro se* motion to file a delayed appeal. (Doc. 11, Ex. 12). The motion to file a delayed appeal was granted on May 28, 2021, with the state appellate court also appointing Petitioner counsel. (Doc. 11, Ex. 14). Following a directive in the May 28, 2021, order that a proper notice of appeal be filed within thirty days, Petitioner, through counsel, proceeded to file a new notice of appeal on June 25, 2021. (Doc. 11, Ex. 15). He later filed, through counsel, an amended notice of appeal on July 13, 2021. (Doc. 11, Ex. 16). The filing of the two notices of appeal initially caused two appeals to be opened (Nos. 29111 and 29176). (Doc. 11, Exs. 21, 22). The state court, however, ultimately dismissed Appeal No. 29176 as duplicative, and the case proceeded under No. 29111. (Doc. 11, Ex. 24).

On appeal, Petitioner, through counsel, raised one assigned error:

> THE GUILTY VERDICTS ON THE FELONIOUS ASSAULT COUNTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND THE EVIDENCE PRESENTED WAS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE THE APPELLANT'S GUILT BEYOND A REASONABLE DOUBT.

(Doc. 11, Ex. 17). The Ohio Court of Appeals affirmed the trial court's judgment on April 29, 2022. (Doc. 11, Exs. 19, 20). And, in its decision, the state appellate court also found that Petitioner's aggregate sentence was "a minimum of seven years and a maximum of nine and a half years." (*See* Doc. 11, Ex. 19, at PageID 172). Petitioner did not pursue a direct appeal to the Supreme Court of Ohio. (*See* Doc. 12, at PageID 738; Doc. 11, Ex. 33).

### C. Delayed Application to Reopen Direct Appeal

On August 1, 2022, Petitioner filed a *pro se* delayed application to reopen his direct appeal under Ohio Appellate Rule 26(B). Petitioner asserted that appellate counsel failed to raise the correct manifest-weight and sufficiency-of-the-evidence challenges to his felonious assault with a deadly weapon convictions. (Doc. 11, Ex. 25). On August 17, 2022, the Ohio Court of Appeals denied the application to reopen as untimely, noting that it was filed more than 90 days after the journalization of the appellate judgment. Alternatively, the appellate court denied the application as meritless. (Doc. 11, Ex. 28). Petitioner filed a delayed appeal to the Supreme Court of Ohio from the denial of his application to reopen on March 15, 2023. (Doc. 11, Exs. 29, 30). The Supreme Court of Ohio denied Petitioner's motion for delayed appeal on May 23, 2023. (Doc. 11, Ex. 31).

## II. FEDERAL HABEAS PROCEEDINGS

On April 11, 2024, Petitioner filed the instant habeas corpus Petition. (Doc. 1, at PageID 15); *see Houston v. Lack*, 487 U.S. 266, 275–76 (1988) (holding the filing date of a federal habeas corpus petition is the date on which the prisoner provides his papers to prison authorities for

4

mailing); *Miller v. Collins,* 305 F.3d 491, 497–98 (6th Cir. 2002) (same); *Goins v. Saunders,* 206 F. App'x. 497, 499 n.1 (6th Cir. 2006) (same). He subsequently filed his supporting memorandum in May 2024. (Doc. 6). The Petition contains one request for relief:

> Ineffective Assistance of Counsel.
>
> **Supporting Facts**: The guilty verdicts on felonious assault counts were against the manifest weight of evidence, and the evidence presented was insufficient, as a matter of law to prove the appellant's guilt beyond a reasonable doubt depriving applicant of due process as guaranteed by the Fourteenth Amendment to the United States Constitution article 1 section 10 of the Ohio Constitution.

(Doc. 1, at PageID 5). In the Answer/Return of Writ, Respondent contends that the Petition should be denied on both procedural and substantive grounds. Specifically, Respondent argues that the Petition should be denied because it is barred from review under the applicable one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d). (Doc. 12). Alternatively, Respondent asserts that Petitioner's sole ground for relief is procedurally defaulted, is non-cognizable in habeas proceedings, and fails on the merits. (*Id.*). Petitioner filed a Traverse, which does not address Respondent's procedural arguments. (Doc. 13).

For the following reasons, the Undersigned **RECOMMENDS** that the Petition (Docs. 1, 6) be **DENIED** as time-barred and on the merits. Given these findings, the Undersigned does not address Respondent's remaining procedural default argument.

### III. SENTENCING ISSUE

Up front, the Court addresses an issue in the state trial court's judgment entries. The March 22, March 30, and April 12, 2021, Termination Entries appear internally inconsistent. In all three entries, the trial court ordered the 12-month sentences on the convictions for violation of a protection order and intimidation of a victim to be served concurrently, but consecutively to the concurrent five to seven and a half year sentences on the convictions for felonious assault with a

5

deadly weapon. But the trial court imposed an aggregate term of "a minimum of seven (7) years to a maximum of nine and a half (9.5) years." (*See* Doc. 11, Exs. 7, 8); 2020 CR 3663 Docket. By adding two years to Petitioner's minimum and maximum sentence, the aggregate term treats the sentences on the convictions for violating a protection order and intimidation of a victim as consecutive sentences, even though the trial court stated they were to be served concurrently with each other. Put simply, it appears the trial court overcalculated Plaintiff's minimum and maximum sentences. Petitioner did not challenge his sentence in the state courts, nor did the state appellate courts address this discrepancy. Likewise, Petitioner does not challenge his sentence in this case.

Federal court is not the place to litigate this question because allowing Petitioner to amend his Petition to add a new claim challenging his 2021 sentence would be futile. "A proposed amendment to a habeas petition must comply with the statute of limitations or relate back to the original claims." *Caldwell v. Morrison*, No. 24-1376, 2024 WL 4664647, at *5 (6th Cir. Sept. 12, 2024), *cert. denied*, No. 24-6553, 2025 WL 951190 (2025). Any habeas claim related to Petitioner's sentence would be time-barred. As the Sixth Circuit has recognized, "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Webb v. United States*, 679 F. App'x 443, 448 (6th Cir. 2017) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Because the facial inconsistencies in Petitioner's sentence would have been discoverable at the time of his 2021 sentencing, a habeas claim challenging his sentence would be time-barred for the same reasons (discussed below) that the claim of ineffectiveness of appellate counsel raised in the Petition is time-barred. And because Petitioner has not shown that he is entitled to equitable tolling or presented any new evidence of his innocence, there is no basis to excuse the untimeliness. *See Caldwell*, 2024 WL 4664647, at *5. Lastly, Petitioner would not benefit from any relation back

6

to the current Petition because it is also time-barred. *See Johnson v. Phillips*, No. 217-cv-02682, 2018 WL 4431388, at *1 (W.D. Tenn. Sept. 14, 2018) ("It would be futile to permit Petitioner to amend a petition to raise additional issues when it is already time-barred.").

With that, the Court turns to the issues raised by the Petition, beginning with timeliness before turning to the merits.

### IV.   THE PETITION IS TIME-BARRED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody under a state court judgment must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Nothing in the record suggests that § 2244(d)(1)(B) and (C) apply to Petitioner's case. (Docs. 1, 6, 13 (raising no state-created impediments or newly recognized and retroactively applicable constitutional rights)). And Petitioner would have known the facts underlying his Petition before his conviction became final or by the end of direct review. 28 U.S.C. § 2244(d)(1)(D). Consequently, his federal habeas Petition is governed by the one-year statute of

limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

Applied here, Petitioner's conviction became final on June 13, 2022, when the 45-day period for appealing the state appellate court's April 29, 2022, decision expired. *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1); *Anderson v. Brunsman*, 562 F. App'x 426, 429 (6th Cir. 2014) (citing *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) ("[W]here a habeas petitioner fails to timely seek review of a state appellate court decision, the conviction is final when the time period for filing that appeal expires.")). Before that, the statute of limitations did not run because his intervening motion for a delayed appeal tolled the limitations period. *See Searcy*, 246 F.3d at 518–20 (holding that a motion for a delayed appeal tolls one-year statute of limitations for filing a habeas petition but does cause the statute to restart). Thus, the clock began to run on June 14, 2022, and expired one year later, on June 14, 2023. *See* 28 U.S.C. § 2244(d)(2); *Marques v. Warden, Noble Corr. Inst.*, No. 2:20-CV-1270, 2020 WL 4015136, at *4 (S.D. Ohio July 16, 2020), *report and recommendation adopted*, 2020 WL 6390066 (S.D. Ohio Nov. 2, 2020); (*cf.* Doc. 12 at 743–44 (arguing incorrectly that the Petition is 682 days late and miscalculating the end of the limitations period to June 13, 2022)).

Petitioner did not file this case until April 11, 2024, approximately 302 days after the limitations period expired. (Doc. 1). Although Plaintiff makes no arguments concerning the statute of limitations, the Undersigned briefly considers whether any tolling or other equitable exceptions apply. In the end, none do. The Petition is time-barred.

A. **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the limitations period tolls during the pendency of a "properly filed" application for state post-conviction relief or other collateral review. *See Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Sieberl,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman*

8

*v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003).

Here, none of Petitioner's filings had any tolling effect under § 2244(d). Because the state appellate court denied his delayed application to reopen his direct appeal as untimely, it was not properly filed and did not toll the statute of limitations. (Doc. 11, Exs. 25, 28); *Board v. Bradshaw*, 805 F.3d 769, 776 (6th Cir. 2015); *Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005); *see also Allen v. Warden, Toledo Corr. Inst.*, No. 2:12-cv-154, 2012 WL 6114742, at *52 (S.D. Ohio Dec. 7, 2012) (noting a state court's alternative ruling on the merits does not excuse a petition's untimeliness) (citing *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003)). Petitioner's delayed appeal of that decision to the Supreme Court of Ohio also did not stop the clock. *See Brock v. Hooks*, No. 17-3861, 2018 WL 11339398, at *2 (6th Cir. Feb. 20, 2018) (finding that an appeal to the Supreme Court of Ohio from an improperly filed Rule 26(B) application did not toll statute of limitations). And Petitioner is not entitled to tolling for the time during which he could have petitioned for certiorari from the denial of his Rule 26(B) application. *See Lopez v. Wilson*, 426 F.3d 339, 340–41 (6th Cir. 2005) (saying a Rule 26(B) application is a post-conviction procedure and not part of the direct review process that tolls the statute of limitations). Petitioner filed no other motions within the one-year period, so he is not entitled to any statutory tolling. (*See* Doc. 11, Exs. 32, 33, 34, 35).

### B.  Equitable Tolling and Exceptions

No equitable tolling principles or exceptions save the Petition either. Beginning with tolling, the AEDPA limitations period can be tolled if the habeas petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418).

Here, Petitioner does not make any equitable tolling arguments. (*See* Doc. 1, PageID 13–

9

15; *see also* Docs. 6, 13). Nor does the record support such a finding. At base, Petitioner did not diligently pursue his rights. He did not file an appeal from the Ohio Court of Appeals' April 29, 2022, decision; a timely application to reopen his appeal under Rule 26(B); or a timely appeal of the state appellate court's August 17, 2022, decision denying that application. (*See* Doc. 11, Exs. 28, 31, 33). And he waited 324 days after the Supreme Court of Ohio's denial of his delayed appeal in his reopening proceeding to file the instant Petition. What's more, he does not say that any extraordinary circumstance prevented him from filing this case on time. (Doc. 1, 6, 13). In similar circumstances, this Court has found equitable tolling inappropriate. *See Griffin v. Warden, Lebanon Corr. Inst.*, No. 1:08-CV-351, 2009 WL 819001, at \*6 (S.D. Ohio Mar. 26, 2009) (finding the limitations period did not toll where the petitioner filed his petition over a year and a half after the Supreme Court of Ohio's clerk refused to file his motion for a delayed appeal).

Additionally, Petitioner does not present any new evidence of actual innocence that could excuse the Petition's untimeliness under the miscarriage-of-justice exception. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (explaining that a "credible showing of actual innocence" allows a court to consider untimely constitutional claims); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (saying a petitioner must submit "reliable evidence not presented at trial" for the exception). Instead, Petitioner's single ground for relief simply reasserts the argument he raised in his delayed Rule 26(B) application—that appellate counsel failed to adequately undermine the State's evidence on his felonious assault convictions. (Docs. 1, 6, 13); *see Guadarrama v. United States*, No. 16-6218, 2017 WL 3391683, at \*3 (6th Cir. Feb. 13, 2017) (finding no new evidence where the petitioner argued that the evidence presented at trial was insufficient to convict); *Moore v. Woods*, No. 18-1356, 2018 WL 3089822, at \*3 (6th Cir. June 20, 2018) (finding no new evidence where petitioner presented evidence "available to him at the time of his direct appeal"). Without

any new evidence, the exception cannot apply.

In the end, the Petition is time-barred. And Petitioner has not carried his burden to show that he is entitled to tolling or any equitable exception. As a result, the Petition should be dismissed as untimely.

**IV.     THE PETITION FAILS ON THE MERITS.**

Even if the Court were to overlook the untimeliness of the Petition, Petitioner fails to establish a substantial constitutional claim. *See Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008).

**A.     Standard**

Under 28 U.S.C. § 2254(d), a writ of habeas corpus may not issue on any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599–600 (quoting *Williams*, 529 U.S. at 413).

11

This standard is difficult to meet. *Id.* at 600. But Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). In other words, to obtain federal habeas relief, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### B.     Merits Analysis

Petitioner raises one ground for relief. He asserts that his appellate counsel failed to raise on direct appeal the correct manifest-weight and sufficiency-of-the-evidence challenges to his felonious assault convictions. (*See* Doc. 1, at PageID 5; Doc. 6, at PageID 40–42; Doc. 13, at PageID 769–73).

To start, contrary to Respondent's arguments, Plaintiff's manifest-weight argument is cognizable on federal habeas review. (*See* Doc. 12, at PageID 751–52). While any standalone manifest-weight claim would not be reviewable, Petitioner raises this issue in the context of a Sixth Amendment claim of ineffective assistance of counsel. *Hoffman v. Lazaroff*, No. 18-3439, 2018 WL 5849894, at *3 (6th Cir. Sept. 17, 2018) (saying a standalone manifest-weight argument "is solely a creature of Ohio law"). For that reason, his claim is cognizable in federal habeas proceedings. *See, e.g., Black v. Watson,* No. 24-3194, 2024 WL 4039720, at *4 (6th Cir. July 24, 2024) (finding that the petitioner's "manifest-weight claim lack[ed] merit and his appellate counsel was not ineffective for failing to raise it on direct appeal").

Turning to the merits of Petitioner's ineffective-assistance-of-appellate-counsel claim, the

12

Ohio Court of Appeals rejected it as follows in Petitioner's delayed reopening proceedings:

> McComb was convicted after a jury trial of two counts of felonious assault, 14 counts of violating a protection order, and one count of intimidation of a victim. The charges stemmed from an incident during which McComb sped after and rammed the back of a vehicle driven by Yountay Pullen, who had been in a romantic relationship with McComb and had obtained a domestic violence civil protection order against him. Pullen's eight-year-old son was in her SUV when that encounter occurred. Following his arrest, McComb contacted Pullen 308 times from the Montgomery County Jail. In some calls, McComb attempted to dissuade Pullen from coming to court and pursuing the charges against him.
>
> McComb appealed from his convictions, claiming that his convictions for felonious assault were based on insufficient evidence and against the manifest weight of the evidence. On April 29, 2022, after a thorough review, we overruled the assignment of error and affirmed. *State v. McComb*, 2d Dist. Montgomery No. 29111, 2022-Ohio-1423. McComb now asks us to reopen his direct appeal due to ineffective assistance of appellate counsel.
>
> ***
>
> Even if McComb's application were timely, we would find no basis to reopen his appeal. To warrant reopening [of] a direct appeal, an applicant must demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App. R. 26(B)(5). The Ohio Supreme Court has held that the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct.. 2052, 80 L.Ed.2d 674 (1984), is the appropriate standard to assess a request for reopening under App. R. 26(B)(5). *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075, ¶ 17; *State v. Spivey*, 84 Ohio St.3d 24, 701 N.E.2d 696 (1998), citing *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996). Pursuant to this standard, McComb must prove that his appellate counsel's performance was objectively unreasonable and that there was a "reasonable probability" that, but for counsel's unprofessional errors, the outcome of the appeal would have been different. *See Leyh* at ¶ 18.
>
> In his delayed application for reopening, McComb does not identify any new assignments of error that appellate counsel should have raised. Rather, he claims that his appellate counsel's argument in support of the stated assignment of error was deficient and failed to highlight relevant facts. Specifically, appellate counsel's brief primarily argued that the State failed to prove the *mens rea* element of felonious assault. McComb now argues that counsel should have emphasized that the State failed to prove that he rammed his vehicle into the back of Pullen's SUV. McComb acknowledges that Pullen testified that he did so, but he asserts that her testimony was not corroborated and was not credible.

> To establish that McComb committed felonious assault, the State was required to prove at trial that McComb knowingly caused or attempted to cause physical harm to another by means of a deadly weapon, in this case, his vehicle. See R.C. 2903.11 (A)(2). In our April 29, 2022 opinion, we summarized his sufficiency and manifest weight arguments, stating:
>
>> On appeal, McComb argues that Pullen was the only person who witnessed the alleged ramming of her SUV with his Trailblazer, and thus the State failed to prove that a collision occurred. He further asserts that, even if the collision were proven, the State failed to establish that he knowingly attempted to cause her physical harm. McComb emphasizes that merely following Pullen's car did not "create a risk of serious physical harm" and that she could not know "with any level of certainty" what his intent had been that day. McComb states that the alleged contact between the vehicles could have been completely accidental and that the jury lost its way when it determined that McComb had had an intent to harm or cause a significant risk of harm to Pullen.
>
> McComb at ¶ 32. After a complete review of the record, we concluded that there was substantial evidence that a collision occurred and that the jury reasonably concluded that McComb had knowingly attempted to cause physical harm to Pullen and her son. In short, we have already thoroughly considered the issue that McComb now wishes to raise in a reopened appeal. Accordingly, McComb's application for reopening lacks merit.

(Doc. 11, Ex. 28, at PageID 223–25).

In this decision, the Ohio Court of Appeals used the standard set out in *Strickland v. Washington,* 466 U.S. 668 (1984). Under *Strickland*, to prevail on an ineffective-assistance-of-counsel claim, a petitioner must show that his attorney performed in a deficient manner, and that he was prejudiced by that deficient performance. *Id*. at 687. On appeal, "[c]ounsel's failure to raise an issue . . . amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal." *Leonard v. Warden, Ohio State Penitentiary*, No. 1:09-CV-056, 2013 WL 831727, at *28 (S.D. Ohio Mar. 6, 2013), *report and recommendation adopted*, No. 1:09-CV-056, 2015 WL 2341094 (S.D. Ohio May 14, 2015), *aff'd,* 846 F.3d 832 (6th Cir. 2017). Here, the state appellate court found no violation under the

14

*Strickland* standard because it had, in fact, already considered and rejected the argument that Petitioner contends counsel should have raised on direct appeal. (Doc. 11, Ex. 28, at PageID 25).

As discussed, when a state court decides a federal constitutional claim on the merits, the federal habeas court must defer to that decision unless it is contrary to or an objectively unreasonable application of clearly established, United States Supreme Court precedent, or unless the state court unreasonably determined the facts given the evidence presented at trial. 28 U.S.C. § 2254(d)(1)–(2); *Harrington*, 562 U.S. at 105; *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). The Supreme Court has described "[t]he standards created by *Strickland* and § 2254(d)" as "'highly deferential' . . . and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal citations omitted).

Petitioner does not overcome this doubly deferential standard. The Ohio Court of Appeals correctly applied the standard set out in *Strickland*. (Doc. 11, Ex. 28, at PageID 224–25). And its decision was based on a reasonable determination of the facts. *Cf., e.g.*, *Bell*, 535 U.S. at 698–99 (saying, to succeed under Section 2254(d)(1), a petitioner must show that the state court applied *Strickland* "to the facts of his case in an objectively unreasonable manner"). The Ohio Court of Appeals concluded that "substantial evidence [supported] that a collision occurred and that the jury reasonably concluded that McComb had knowingly attempted to cause physical harm to Pullen and her son." (Doc. 11, Ex. 28, at PageID 226). The record supports this finding. Indeed, at trial, Pullen testified at length about Petitioner ramming her car as she was trying to flee from him at speeds of "at least" 65 to 70 mph. (Doc. 11-1 (Transcript I), at PageID 404–10, 412, 416–17). She also testified about "damage to the car and markings to the bumper." (Doc. 11-1, at PageID 421–22). Additionally, the responding police officer testified that she saw "damage to the back hatch of the car where it was dented as well as the driver's side rear quarter panel was dented

15

along with a visible footprint mark." (Doc. 11-1, at PageID 335). And Petitioner himself admitted to closely following behind Pullen's car. (Doc. 11-2 (Transcript II), at PageID 551). Even more, in a taped call played at trial, Petitioner also told Pullen three days after the incident that he "wants to catch her on the highway because [he's] going to spin [her car] all the way out." (Doc. 11-1 (Transcript I), at PageID 426–27).

At base, the Ohio Court of Appeals' alternative merits decision involved a reasonable application of *Strickland* and was based on a reasonable determination of the facts in light of the evidence presented at trial. Accordingly, Petitioner is not entitled to habeas corpus relief.

## V.     CONCLUSION

For the foregoing reasons, the Undersigned concludes that Petitioner's federal habeas corpus Petition is time-barred and fails on the merits. Therefore, the Petition (Docs. 1,6) should be **DENIED**. Because the Undersigned concludes that denial of the Petition is appropriate on these grounds, the Undersigned does not address Respondent's procedural-default argument.

### IT IS THEREFORE RECOMMENDED THAT:

1.     Petitioner's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docs. 1, 6) should be **DENIED**.

2.     To the extent that Petitioner has raised claims that this Court has concluded are procedurally defaulted, a certificate of appealability should not issue because, under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling. And because the first prong of the *Slack* test has not been met, the Court need not address whether "jurists of reason" would find it debatable whether Petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

16

3. To the extent that Petitioner has raised claims that have been considered on the merits, a certificate of appealability should not issue because Petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 475 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893, 893 n.4 (1983), *superseded on other grounds by* 28 U.S.C. § 2253(c)(2)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. With respect to any application by Petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and **DENY** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

1. The **CLERK OF COURT** is **DIRECTED** to send a copy of this Order and Report and Recommendation to Petitioner at his address contained in the docket of this Court and to Petitioner at the address for the London Correctional Institution.

2. Petitioner is **DIRECTED** to update the Court with his current address and to keep the Court apprised of any changes to his address during the pendency of this case.

Date: June 25, 2025                                /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

17

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).